UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Donald J. Strable**, Plaintiff, | **C/A No. 6:05-2927-TLW-WMC** |
| vs. | Report and Recommendation |
| Republic of the Philippine Islands, Defendant. | |

This is a civil action filed *pro se* by a South Carolina resident.[1] Plaintiff seeks to recover $18,000 from the Republic of the Philippine Islands because a car that Plaintiff allegedly had shipped to his wife in the Republic of the Philippine Islands has not been released from the port in Manila where the car has allegedly been held since August 2004. Plaintiff claims that the car "must be considered a total loss ...," and seeks damages from the government of the Republic of the Philippine Islands or injunctive relief in the form of "delivery free of any duty whatsoever to plaintiffs Legaspi City [Philippines] address, undamaged." Plaintiff attaches documents to his Complaint showing that the car arrived at the Port of Manila in August 2004, and, according to Plaintiff's allegations, the car has been continuously held in the port by the Republic of the Philippine Islands since that time.

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e)(2); In Re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997)(*pro se* pleadings by non-prisoners should also be screened).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint filed by Plaintiff in this case. The review was conducted pursuant to 28 U.S.C. § 1915 (as amended), and other provisions in the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *See* Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See* Weller v. Department of Social Servs., 901

F.2d 387 (4th Cir. 1990).[2] Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Complaint filed in this case is frivolous and subject to summary dismissal without the issuance of service of process because Plaintiff has not provided any facts that would support a finding that his claim against the sovereign nation of the Republic of the Philippine Islands falls within one of the limited exceptions under the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. § 1605, to the general rule of sovereign immunity. Foreign states are generally immune from the jurisdiction of federal and state courts. *See* 28 U.S.C. § 1604; *see also* The Schooner Exchange v. McFaddon, 11 U.S. (7 Cranch) 116, 136, 3 L.Ed. 287 (1812). The FSIA, however, creates a number of exceptions to this immunity. *See* 28 U.S.C. § 1605. Plaintiff has not specifically alleged any exception to the doctrine of sovereign immunity in his Complaint, and, as a result, under the rule of liberal construction of *pro se* pleadings, the undersigned has reviewed the provisions of the FSIA in order to determine whether the facts alleged are such that one or more of the exceptions to sovereign immunity might be applicable in this case.

There is no allegation that Plaintiff has been harmed by the commercial activities of the Republic of the Philippine Islands, thus the "commercial activities" exception, 28 U.S.C. § 1605(a)(2) does not apply in this case. *See* National City

---

[2]The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

Bank of N.Y. v. Republic of China, 348 U.S. 356, 358-59 (1955); Principality of Monaco v. Mississippi, 292 U.S. 313, 325 (1934). Nor are there allegations of commercial activity involving property taken by the Republic of the Philippine Islands in violation of international law, § 1605(a)(3), or of torture, hostage taking, or terrorist actions on behalf of the foreign government causing Plaintiffs' alleged damages. *See* § 1605(a)(7). Instead, on review, the FSIA exception that seems most closely relevant to the claim asserted against the Republic of the Philippine Islands by Plaintiff in this case provides that:

> (a) A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case--
>
> ....
>
> (5) ... in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, *occurring in the United States* and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment; ....

28 U.S.C. § 1605(a)(5)(emphasis added). Furthermore, even if the provisions of that particular subsection are satisfied, there is still an "exception" to that particular exception as follows:

> . . . except this paragraph shall not apply to–
>
> (A) any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused, or
>
> (B) any claim arising out of malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights . . . .

Id.

However, it is clear under the allegations contained in Plaintiff's Complaint that the FSIA tortious-conduct exception to sovereign immunity is not applicable to the facts represented in this case. The actions or inactions by the foreign nation (the Republic of the Philippine Islands) which Plaintiff claims have caused him damages clearly occurred in the Philippines, not in the United States. Furthermore, according to Plaintiff, he suffered the loss of use of his vehicle in the Philippine Islands because the car has not been released from the Port of Manila. Under the non-commercial tort provisions of the FSIA, tortious actions by a foreign government or its agents resulting in damage or loss such as that claimed by Plaintiff must occur "in the United States." 28 U.S.C. § 1605(a)(5). As a result, the sole named Defendant is entitled to immunity from the claims made in this case and, therefore, this Court is without subject matter jurisdiction over Plaintiff's Complaint. *See* Persinger v. Islamic Republic of Iran, 729 F2d 835, 839-40 (D.C. Cir. 1984); Asociacion de Reclamantes v. United Mexican States, 735 F2d 1517, 1524-25 (D.C. Cir. 1984); English v. Thorne, 676 F.Supp. 761, 763-74 (S.D. Miss.1987).

Moreover, even if Defendant's allegedly tortious activities had occurred within the United States and had caused Plaintiff injury in the United States, Plaintiff would still be unable to rely on the FSIA tortious-conduct exception in this case because the decision of a government whether or not to release shipped property into its territory could only be termed a "discretionary" act. Such discretionary acts by a government are explicitly excepted from the tortious-conduct exception under the FSIA. *See* 28 U.S.C. § 1605(a)(5)(A); English v. Thorne, 676 F.Supp. at 763 ("[T]he United States Supreme Court has found 'discretion' to mean more than the initiation of programs and activities. It also includes determinations made by executives or administrators in establishing plans,

specifications or schedules of operation. Where there is room for policy judgment and decision there is discretion."). Accordingly, Plaintiff fails to state a viable claim for relief against the Republic of the Philippine Islands that falls within this Court's subject matter jurisdiction under 28 U.S.C. § 1330 because the facts alleged do not fall within any of the FSIA exceptions to the general rule of sovereign immunity.

**Recommendation**

Since February 1, 1999, all *pro se* pleadings have been screened by the United States Magistrate Judges in this district, notwithstanding payment of the full filing fee. This case is frivolous because there is no federal jurisdiction over Plaintiff's claim, and it should be summarily dismissed. *See* United Mine Workers v. Gibbs, 383 U.S. 715 (1966) Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; *see also* In Re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997)(pleadings by non-prisoners should also be screened). Plaintiff's attention is directed to the important notice on the following page.

s/William M. Catoe
United States Magistrate Judge

October 26, 2005

Greenville, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The **Serious Consequences** of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**