IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Donald J. Strable, | ) | Civil Action No.: 6:05-2927-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Republic of the Philippine Islands, | ) | **O R D E R** |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, pro se, instituted this action on October 13, 2005, seeking money damages against the Republic of the Philippine Islands or delivery of a vehicle which he had allegedly shipped to his wife in the Philippines.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge William M. Catoe for pretrial handling. On October 26, 2005, the Magistrate Judge filed a Report and Recommendation in which he recommended that the action be dismissed on the basis of lack of subject matter jurisdiction. On November 3, 2005, the plaintiff filed objections to the Report and Recommendation. On May 18, 2006, the case was reassigned to the undersigned.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. §

636(b)(1).

Magistrate Judge Catoe recommended dismissal of the case based upon the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. §§ 1604, et seq..  This Act provides: "Subject to existing international agreements to which the United States is a party at the time of enactment of this Act a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607 of this chapter."  Section 1605 provides generally for certain exceptions to the sovereign immunity of foreign states.  Magistrate Judge Catoe's Report discussed several sections of Section 1605 and found that none of those sections applied to waive the sovereign immunity of the Philippine government.

Plaintiff states in his objections that "commercial activity applies."  The Court presumes that he is referring to the exception to immunity of a foreign state contained in 28 U.S.C. § 1605 (a)(2), (3), or (5).  However, none of these provisions apply to the plaintiff's allegations which appear to stem from a dispute regarding the duties to be paid before the vehicle is released.  Section (a)(2) does not apply to the plaintiff's allegations because the action is not based upon a commercial activity carried on in the United States by the foreign state.  Section (a) (3) does not apply because there is no allegation that rights in property were taken in violation of international law.  Finally, section (a)(5) is not applicable to the plaintiff's case because the case does not involve property damage that occurred in the United States.

Plaintiff appears to also contend in his objections that the Philippines has been given most favored nation status and that therefore the Philippine government is not immune from suit. However, the plaintiff confuses treaties having to do with trade between countries with treaties authorizing individual lawsuits by citizens of the United States against foreign states. He has not provided the Court

with any specific reference to sections of a particular treaty on which he relies. The Court notes that "courts presume that the rights created by an international treaty belong to a state and that a private individual cannot enforce them." Renkel v. U.S., 456 F.3d 640, 643 (6th Cir. 2006).

After reviewing the Report, pleadings, and applicable law, the court overrules the plaintiff's objections, adopts the Report and Recommendation of the Magistrate Judge, and incorporates it herein by reference. Therefore, it is hereby **ORDERED** that this action be **DISMISSED**.

**AND IT IS SO ORDERED.**

                                            s/ R. Bryan Harwell
                                            R. Bryan Harwell
                                            United States District Judge

March 16, 2007
Florence, South Carolina